972 F.2d 339
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Genevie H. HARMS; Russell Harms, Plaintiffs-Appellants,
v.
UNITED STATES of AMERICA, Defendant-Appellee.
 No. 91-2627.
 United States Court of Appeals,
Fourth Circuit.
 Argued: April 6, 1992
Decided: August 24, 1992
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. J. Frederick Motz, District Judge. (CA-91-149-JFM)
 ARGUED: James Joseph Nolan, Jr., Pierson, Pierson & Nolan, Baltimore, Maryland, for Appellants.
 Jeanette Plante, Assistant United States Attorney, Baltimore, Maryland, for Appellee.
 ON BRIEF: Richard D. Bennett, United States Attorney, Baltimore, Maryland, for Appellee.
 D.Md.
 Affirmed.
 Before RUSSELL and HALL, Circuit Judges, and TILLEY, United States District Judge for the Middle District of North Carolina, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Genevie H. Harms and Russell Harms appeal the district court's dismissal, on the basis of res judicata, of their Federal Tort Claims Action against the United States on the basis of res judicata. Because we find that most of the Harms' claims are statutorily barred by the Federal Tort Claims Act, 28 U.S.C. § 2689(h) (1988), and that those claims which are not statutorily barred are nonetheless precluded on the grounds of res judicata, we affirm the district court's dismissal.
 
 I.
 
 2
 Prior to filing the Federal Tort Claims Act action now at issue on appeal, Plaintiff Genevie H. Harms was terminated from her position as Postmaster of Baldwin, Maryland, United States Post Office effective November 28, 1988. Harms appealed the Postal Service's removal decision to the Merit Systems Protection Board (MSPB). On April 14, 1989, an MSPB Administrative Judge issued his decision upholding Harms' removal. Harms then filed this court action in the District of Maryland on October 11, 1989, against the United States Postmaster General and the United States Postal Service ("USPS").
 
 A.
 
 3
 In this earlier action, captioned Harms v. Frank, Civ. No. JFM-892868 (D. Md. Feb. 12, 1991), Genevie H. Harms appealed the April 14, 1989, MSPB disposition upholding the USPS decision to remove Harms from her position as Postmaster of the Baldwin, Maryland, Post Office, and also renewed claims, previously presented to the MSPB, that she was the victim of race, sex and age discrimination by the Postal Service. Because the Harms v. Frank district court action required appellate review of the MSPB's disposition of the improper termination claim, and trial de novo on the discrimination claims, it is deemed a "mixed" MSPB appeal over which the district court had jurisdiction pursuant to 5 U.S.C. § 7703(b)(2) (1988). E.g., Johnson v. Burnley, 887 F.2d 471, 474 n.1 (4th Cir. 1989).
 
 
 4
 The District of Maryland issued a Memorandum Opinion on February 12, 1991 granting the Postal Service's motion for summary judgment in that "mixed" action. On review of the MSPB's decision, the court determined that Harms had not raised any genuine issue of material fact as to whether, in affirming Harms' termination, the MSPB relied on insufficient evidence or abused its discretion, nor as to whether the evidentiary rulings of the Administrative Judge who presided over the MSPB proceeding denied her a fair hearing. On trial de novo of the discrimination claims, the district court determined that Harms failed to present any plausible evidence that the Postal Service discriminated against her on the basis of race or sex in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C.s 2000e-16 (1988), or on the basis of age in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 633a (1988). Harms filed an appeal of Harms v. Frank on March 11, 1991.
 
 B.
 
 5
 On January 17, 1991, Appellants Genevie H. Harms and Russell Harms filed a subsequent action against the United States pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671 (1988) in the District of Maryland. The complaint in Harms v. United States alleged that as a result of the tortious acts of United States Postal Inspectors Jerry Gibson and Paul Battaglini, and the tortious acts of Postal Service employees Joann DiForte, Lisa Dotterweich, and Margaret Dux, plaintiff Genevie H. Harms ("Mrs. Harms") was terminated from her position as Postmaster for Baldwin, Maryland. Specifically, the Harms asserted that due to the false information disseminated by the above individuals prior to, during, and after an August 1988 investigation into Harms' conduct as Postmaster, and as a result of the false and incomplete evidence and testimony which these individuals gave at a March 1989 administrative removal hearing, Mrs. Harms was wrongfully terminated from her Postmaster position effective November 28, 1988. The Harms' complaint enumerated six counts, and stated that "[i]n doing the acts alleged in this complaint, Inspectors Gibson and Battaglini and employees Dotterweich, DiForte and Dux (hereinafter collectively referred to as the 'postal employees') were acting within the course and scope of their employment, and were acting as 'employees of the government.' " (J.A. at 6.)
 
 
 6
 Count One alleged that,
 
 
 7
 While acting in their capacities as investigative and law enforcement officers of the United States government, empowered by law to execute searches, to seize evidence, and to make arrests for violations of federal law ... Inspectors Gibson and Battaglini ... initiated ... process with the ulterior purpose of ... improperly seeking the removal of Mrs. Harms from her job as Postmaster of Baldwin, Maryland, and ... committed improper acts in the use of the process, namely, the submission of false evidence and testimony.... While acting as investigative and law enforcement officers ... Gibson and Battaglini maliciously began and continued the removal proceedings against Mrs. Harms without probable cause and with malice.
 
 
 8
 (J.A. at 10.) Count One thus stated a claim against the United States for abuse of process by Postal Inspectors Gibson and Battaglini. See Allen v. Bethlehem Steel Corp., 547 A.2d 1105, 1109 (Md. Ct. Spec. App.), cert. denied, 550 A.2d 1168 (Md. 1988); see also Restatement (Second) of Torts § 682 (1977). Count One also stated a claim for malicious prosecution by Gibson and Battaglini. See Allen, 447 A.2d at 1109; see also Restatement (Second) of Torts § 653 (1977). Count Two alleged that the "postal employees knowingly submitted false testimony and evidence during Mrs. Harms removal proceeding in order to achieve Mrs. Harms termination." (J.A. at 11.) Count Two therefore appears to re-state a claim against the United States for abuse of process by Inspectors Gibson and Battaglini, and to further state a claim for abuse of process by postal employees DiForte, Dotterweich, and Dux. See Allen, 547 A.2d at 1109; see also Restatement (Second) of Torts § 682 (1977). However, because this count further alleged that the false information caused Harms" public humiliation ... and damage to her reputation" (J.A. at 11), Count Two may also be construed as stating a claim for libel or slander. E.g., Embrey v. Holly, 429 A.2d 251, 258-59 (Md. Ct. Spec. App. 1981), aff'd in part, rev'd in part, 442 A.2d 966 (Md. 1982); see also Restatement (Second) of Torts §§ 559, 568 (1977). Count Three of the complaint alleged that "postal employees have defamed ... Mrs. Harms by knowingly and intentionally publishing false information regarding Mrs. Harms," (J.A. at 11), and also stated a claim for libel or slander by Gibson, Battaglini, DiForte, Dotterweich, and Dux. Embrey, 429 A.2d at 258-59; see also Restatement (Second) of Torts §§ 559, 568 (1977). In Count Four the Harms alleged that,
 
 
 9
 The postal employees acted intentionally or recklessly with deliberate disregard of the high ... probability that emotional distress would result from their conduct....
 
 
 10
 ... The extreme, outrageous, intentional and malicious conduct of the postal employees caused severe mental distress to Mrs. Harms and required her to undergo medical treatment for adverse effects to her health....
 
 
 11
 (J.A. at 12.) Count Four thereby stated a claim against the United States for intentional infliction of emotional distress by Gibson, Battaglini, DiForte, Dotterweich, and Dux. See Harris v. Jones, 380 A.2d 611, 614 (Md. 1977); see also Restatement (Second) of Torts § 46 (1965). Count Five of the complaint alleged that the"postal employees' acts were intentional and willful, were calculated to cause damage to Mrs. Harms in her lawful business and employment," (J.A. at 13), and stated a claim for intentional interference with contract. See Travelers Indem. Co. v. Merling, 605 A.2d 83, 89-90 (Md. 1990); see also Restatement (Second) of Torts §§ 766, 766A (1979). Count Six alleged that "actions of the postal employees" caused "damages and injuries to the marital relationship of the plaintiffs and each of them has lost and will lose the society, affection, companionship, services and consortium of the other." (J.A. at 13.) Count Six thereby stated a claim for loss of consortium. See Deems v. Western Maryland Ry. Co., 231 A.2d 514, 525 (Md. 1967); see also Restatement (Second) of Torts § 693 (1977).
 
 II.
 
 12
 On June 26, 1991, the district court determined that the summary judgment entered in Harms v. Frank, Civ. No. JFM-89-2868 (D. Md. Feb. 12, 1991), barred it from hearing the claims in the action below, Harms v. United States, on the grounds of res judicata and dismissed the action. The Harms appeal, arguing that the district court's decision in the mixed case, Harms v. Frank, Civ. No. JFM-89-2868 (D. Md. Feb. 12, 1991), did not bar the Harms' claims in Harms v. United States on the grounds of res judicata because the district court lacked authority to adjudicate Harms' tort claims in that mixed case, and because there was no identity of interest between the defendants in Harms v. Frank and in Harms v. United States . Because we conclude that most of the claims presented in Harms v. United States are statutorily barred under 28 U.S.C. § 2680(h), and that the claims which are not barred by section 2680(h) are precluded nevertheless on the grounds of res judicata, we affirm the district court's dismissal.
 
 A.
 
 13
 The FTCA contains a general waiver of sovereign immunity. See 28 U.S.C. §§ 1346(b), 2674 (1988). However, the monetary liability of the United States is limited by various exceptions, like those stated in section 2680(h), which provides that the Government's liability shall not extend to:
 
 
 14
 (h) Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit or interference with contract rights: Provided, That, with regard to acts or omissions of investigative or law enforcement officers of the United States Government, the provisions of this chapter and section 1346(b) of this title shall apply to any claim arising ... out of assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution. For the purpose of this subsection, "investigative or law enforcement officer" means any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law.
 
 
 15
 28 U.S.C. § 2680(h) (1988). We are persuaded that section 2680(h) bars all of the Harms' tort claims against the United States based on the conduct of Postal Service employees Joann DiForte, Lisa Dotterweich, and Margaret Dux.
 
 
 16
 This court recently noted that, in construing the section 2680(h) exception to the FTCA's waiver of sovereign immunity, " 'we must turn to the "traditional and commonly understood legal definition of the tort" ' in question." Talbert v. United States, 932 F.2d 1064, 1066 (4th Cir. 1991) (quoting Jimenez-Nieves v. United States, 682 F.2d 1, 3-4 (1st Cir. 1982) (quoting United States v. Neustadt, 366 U.S. 696, 706 (1961))). As recited above, whether viewed from the perspective of Maryland common law or the Restatement (Second) of Torts, the Harms' complaint in the district court stated claims against United States postal employees DiForte, Dotterweich, and Dux for abuse of process, libel or slander, intentional interference with contract, intentional infliction of emotional distress, and loss of consortium. The plain language of section 2680(h) makes clear that the Harms' claims against United States postal employees DiForte, Dotterweich, and Dux for abuse of process, libel or slander, and intentional interference with contract are statutorily barred. See 28 U.S.C. § 2680(h). The Harms' claims against United States postal employees DiForte, Dotterweich, and Dux for intentional infliction of emotional distress and loss of consortium are not, of course, expressly barred by section 2680(h).
 
 
 17
 The Eleventh Circuit, however, has concluded that a federal employee's FTCA claim for intentional infliction of emotional distress, though not expressly barred by the language of section 2680(h), would nonetheless be barred under the statute where the claim for intentional infliction of emotional distress was a claim "arising out of" the alleged false arrest of the federal employee by personnel of the United States Department of Treasury and the United States Marine Corps. Metz v. United States, 788 F.2d 1528, 1535 (11th Cir.), cert. denied, 479 U.S. 930 (1986). In reaching this conclusion, the court in Metz, 788 F.2d at 1533, relied on the language of four members of the Supreme Court in United States v. Shearer,* wherein Chief Justice Burger wrote, "The Federal Tort Claims Act's waiver of sovereign immunity does not apply to '[a]ny claim arising out of assault [or] battery,' 28 U.S.C. § 2680(h), and it is clear that respondent's claim arises out of the battery committed by [a United States serviceman]." 105 S. Ct. 3039, 3042 (1985). From this language in Shearer, 105 S. Ct. at 3042, the Eleventh Circuit determined,"[F]our members of the Supreme Court indicated that any claim 'arising out of' the intentional torts listed in 28 U.S.C. § 2680(h) may not be pursued against the government under the FTCA." 788 F.2d at 1532. The Eleventh Circuit therefore ruled in Metz,
 
 
 18
 [T]he government's actions that constitute a claim for false arrest are essential to Mr. Metz's claim[ ] for intentional infliction of emotional distress.... There is no other government conduct upon which such claim can rest. Thus, even though the claim[ ] may be distinct from a false arrest claim, any such difference is merely theoretical and not actual under the facts of this case. We conclude that the[ ] claim[ ] "arise[s] out of" false arrest and [is] barred by 28 U.S.C. § 2680(h).
 
 
 19
 788 F.2d at 1535. We find the Eleventh Circuit's analysis in Metz, 788 F.2d at 1532-35, compelling, and apply that court's reasoning to resolve the issues presented here.
 
 
 20
 A brief perusal of the Harms' complaint in Harms v. United States makes clear that the claim against United States postal employees DiForte, Dotterweich, and Dux for intentional infliction of emotional distress is dependent on the employees' conduct of submitting "false evidence or testimony," (J.A. at 11), at Genevie H. Harms' March 1989 administrative removal hearing. Also, the Harms' claim against these employees for loss of consortium incorporates by reference the conduct underlying this emotional distress claim, as well as incorporating by reference the conduct of "knowingly and intentionally publishing false information" (J.A. at 11), which underlies the Harms' claims for libel or slander. Hence, it is apparent that the Harms' claims against United States based on postal employees DiForte, Dotterweich, and Dux for intentional infliction of emotional distress and for loss of consortium are dependent upon such conduct by these employees as constitutes a claim for libel or slander. Claims for libel or slander are, of course, excluded under section 2680(h). Like the Eleventh Circuit in Metz, 788 F.2d at 1535, we therefore conclude that the Harms' claims for intentional infliction of emotional distress and loss of consortium "arise out of" their excluded claims for libel or slander, and are therefore also barred by 28 U.S.C. § 2680(h). Having thus concluded that all of the Harms' claims against the United States which are based on the conduct of DiForte, Dotterweich, and Dux are statutorily barred by 28 U.S.C. § 2680, we proceed to the Harms' claims against the United States which are based on the conduct of Postal Inspectors Gibson and Battaglini.
 
 
 21
 As previously noted, the law enforcement proviso of section 2680(h) states that "with regard to acts or omissions of investigative or law enforcement officers of the United States Government, the provisions of this chapter and section 1346(b) of this title shall apply to any claim arising ... out of assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution." 28 U.S.C. § 2680(h). An " 'investigative or law enforcement officer' means any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law." Id. (emphasis added). Congress has granted the Postal Service the power "to investigate postal offenses and civil matters relating to the Postal Service." 39 U.S.C. § 404(7) (1988). The Postal Service has, in turn, empowered its Inspection Service Department to carry "out investigations and present[ ] evidence to the Department of Justice and U.S. Attorneys in investigations of a criminal nature." 39 C.F.R. § 224.7 (1986). The regulations governing Postal Inspectors' authority provide,
 
 
 22
 (a) Authorization. Postal Inspectors are authorized to ...
 
 
 23
 (2) Make arrests without warrant for offenses against the United States committed in their presence;
 
 
 24
 (3) Make arrests without warrant for felonies cognizable under the laws of the United States if they have reason to believe that the person to be arrested has committed or is committing such a felony.
 
 
 25
 39 C.F.R. § 233.1(a) (1986). In light of the above-stated power to "make arrests for violations of Federal law," we are confident, for purposes of this case, that Postal Inspectors qualify as "law enforcement officers" within the meaning of section 2680(h).
 
 
 26
 Nonetheless, the FTCA only waives sovereign immunity for the acts of law enforcement officers on claims of assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution. See 28 U.S.C. § 2680(h) (1988). Hence, most of the claims which the Harms make against the United States based on the acts of Postal Inspectors Gibson and Battaglini-i.e., the claims for libel or slander, intentional infliction of emotional distress, interference with contract rights, and loss of consortium-remain statutorily barred; only the Harms' claims for abuse of process and malicious prosecution survive section 2680(h).
 
 B.
 
 27
 We conclude, however, that these claims for abuse of process and malicious prosecution are barred nonetheless on the grounds of res judicata, or claim preclusion. As the district court noted in Harms v. United States, the Fourth Circuit has articulated the elements of claim preclusion as follows: " '(1) a final judgment on the merits in an earlier suit, (2) an identity of the cause of action in both the earlier and the later suit, and (3) an identity of parties or their privies in the two suits.' " Keith v. Aldridge, 900 F.2d 736, 739 (4th Cir. 1990), cert. denied, 111 S. Ct. 257 (1990) (quoting Nash County Bd. of Educ. v. Biltmore Co., 640 F.2d 484, 486 (4th Cir.), cert. denied, 454 U.S. 878 (1981)).
 
 
 28
 As to the first element, there is no question here that the district court's entry of summary judgment in Harms v. Frank suffices as a final judgment on the merits in an earlier suit. See 18 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 4444 (1981). As to the second element, this court observed in Keith v. Aldridge, " 'the appropriate inquiry is whether the new claim arises out of the same transaction or series of transactions as the claim resolved by the prior judgment.' " 900 F.2d at 740 (quoting Harnett v. Billman, 800 F.2d 1308, 1313 (4th Cir. 1986), cert. denied, 480 U.S. 932 (1987)). The facts of Keith v. Aldridge, 900 F.2d at 738-39, are in many ways similar to those presented here. In Keith, a civilian employee of the Air Force was discharged for disruptive behavior in the work-place. Keith appealed his dismissal to MSPB; both the MSPB and an Administrative Law Judge upheld the dismissal. Id. at 738. Keith then filed an action in federal district court, alleging that Air Force reprisals causing his dismissal were motivated by activity protected under Title VII, 42 U.S.C.s 2000e-3 (1988), and further alleging that the Air Force violated the Privacy Act, 5 U.S.C. § 552a (1988), by refusing to provide Keith with the notes which Lt. Colonel Jack Stratford, Keith's immediate supervisor, compiled during the course of the investigation leading to Keith's dismissal. This action concluded in a consent judgment. 900 F.2d at 739. Keith subsequently filed a second action in federal court, this time alleging that the Air Force's failure to provide him with the personal notes of Lt. Colonel Stratford violated his right to due process under the Fifth Amendment. Id. Applying the "transactional approach" inquiry noted above, we affirmed the district court's determination that the second action was barred under the doctrine of res judicata. The Fourth Circuit stated,
 
 
 29
 The same series of connecting transactions is involved in both actions: Keith's disruptive workplace behavior led to an internal investigation, Lt. Colonel Stratford kept notes to document Keith's behavior, the Air Force terminated Keith, he sought but was unable to obtain the notes.... At the root of both actions is the Keith's dismissal, the wrongful retention of the notes is challenged, under alternative Privacy Act ... and fifth amendment ... theories, and the same operative facts are at issue.
 
 
 30
 900 F.2d at 740. We are of the view that a like situation exists here. In both Harms v. Frank, Civ. No. JFM-89-2868 (D. Md. Feb. 12, 1991), and Harms v. United States, the Harms sought recovery, under several different theories, for the alleged wrongful dismissal of Genevie H. Harms from her position as Postmaster of Baldwin, Maryland. As explained above, the factual basis of the Harms' claims in Harms v. United States was the alleged dissemination of false information by employees of the United States Postal Service. An examination of the district court's disposition in Harms v. Frank, Civ. No. JFM-89-2868 (D. Md. Feb. 12, 1991), reveals that the factual basis of Harms' nondiscrimination claims in that action were Harms' assertion that "she had been 'setup' [sic ] by fellow employees," (J.A. at 53), and her assertion that postal employee Lisa Dotterweich's testimony regarding Harms' misapplication of Postal Service stamp sale receipts was not credible. (See J.A. at 25-26, 57.) Thus, at the root of both actions is Harms' allegedly wrongful dismissal, and the allegedly false information disseminated by fellow Postal Service employees during an investigation into Harms' conduct as Postmaster. We therefore conclude that the "same operative facts" gave rise to each action, and that under the "transactional approach" described in Keith, 900 F.2d at 740, an identity of the cause of action in both the earlier and the later actions is present in this case.
 
 
 31
 In regard to the third element of claim preclusion, i.e., an identity of parties or their privies in the two suits, there is obviously no question that an identity exists as between Genevie H. Harms in Harms v. Frank and Genevie H. Harms and her husband, Russell Harms, in Harms v. United States. Thus, the sole question here is whether the defendant in the instant action, the United States, is in privity with the defendants in Harms v. Frank, the United States Postmaster General and the United States Postal Service. In Sunshine Anthracite Coal Co. v. Adkins, the Supreme Court stated,
 
 
 32
 There is privity between officers of the same government so that a judgment in a suit between a party and a representative of the United States is res judicata in relitigation of the same issue between that party and another officer of the government. The crucial point is whether or not in the earlier litigation the representative of the United States had authority to represent its interests in a final adjudication of the issue in controversy.
 
 
 33
 310 U.S. 381, 402-03 (1940) (citation omitted). Because the Postmaster General is an officer of the United States Government, and because the Postmaster General and the Postal Service had authority to represent the interests of the United States in Harms v. Frank, we conclude that the defendant United States in Harms v. United States is in privity with the defendants in Harms v. Frank. We thereby conclude that the Harms' claims against the United States for abuse of process and malicious prosecution by Postal Inspectors Gibson and Battaglini are precluded on the basis of res judicata by Genevie H. Harms' earlier action in Harms v. Frank.
 
 III.
 
 34
 Having determined that all of the Harms' claims, except the claims for abuse of process and malicious prosecution by Postal Inspectors Gibson and Battaglini, are statutorily barred under 28 U.S.C. § 2680(h) (1988), and having determined that the abuse of process and malicious prosecution claims which are not statutorily barred are nonetheless precluded on the grounds of res judicata, we hereby affirm the decision of the district court.
 
 AFFIRMED
 
 
 *
 Justice Powell took no part in the decision of United States v. Shearer, 105 S. Ct. 3039 (1985)