S. Rebecca DACHMAN, M.D., Plaintiff,

v.

UNITED STATES of America, Defendant.

No. CIV. A. PJM 97-4352.

United States District Court,
D. Maryland.

May 5, 1998.

S. Rebecca Dachman, Silver Spring, MD, pro se.

George Levi Russell, III, Office of the U.S. Attorney, Baltimore, MD, Lynne A. Battaglia, U.S. Attorney, Baltimore, MD, for United States of America.

## MEMORANDUM OPINION

MESSITTE, District Judge.

### I.

Plaintiff Dachman, formerly a medical officer employed by the Food & Drug Administration ("FDA"), filed her *pro se* Complaint on December 30, 1997, alleging—in essence—that the United States' negligence in failing to conduct a competent investigation of charges made against her by her supervisor at FDA caused her emotional distress and other damages. Defendant has filed a Motion to Dismiss, Plaintiff has opposed, and Defendant has filed a Reply. Upon consideration, Defendant's Motion will be GRANTED.

### II.

Plaintiff alleges that on July 15, 1994, William Schwieterman, her supervisor at FDA, accused her of leaving a threatening message on his answering machine at work. Police were summoned and Schwieterman subsequently registered a complaint against Plaintiff on July 18, 1994. It is undisputed that these criminal charges were eventually nolle prossed. However, Plaintiff also alleges vaguely that she was "improperly disciplined" as a result of Schwieterman's allegations.

### III.

It is axiomatic that no action may be brought against the federal government for certain "excepted torts"—among them malicious prosecution and abuse of process. 28 U.S.C. § 2680(h). Nor can an action be brought for a claim that "arises out of" malicious prosecution or abuse of process. *Unit-*

ed States v. Shearer, 473 U.S. 52, 55, 105 S.Ct. 3039, 87 L.Ed.2d 38 (1985); *Thigpen v. United States,* 800 F.2d 393 (4th Cir.1986) (dismissing suit alleging negligent supervision of naval hospital employee who allegedly sexually molested two minors—claims arose out of excepted torts of assault and battery). Dachman's first claim, though styled "Negligence–Negligent Conduct," clearly "arises out of" an allegation of malicious prosecution or abuse of process. Therefore, it must be denied. Moreover, insofar as her second claim similarly arises out of an "excepted tort," it too must be dismissed. *Harms v. United States,* 1992 WL 203942 (4th Cir. 1992) (dismissing intentional infliction claims that arose out of enumerated excepted torts).

■ Finally, Plaintiff appears to allege intentional infliction of emotional distress arising out of the wrongful or at least negligent institution of disciplinary proceedings against her—a point Defendant fails to address in its Motion. However, her allegations here are quite murky: nowhere does she allege that Defendant owed her a duty to conduct a more thorough investigation than it did before instituting disciplinary proceedings against her. Nowhere does she allege that the procedures FDA took—such as placing her on administrative leave and displaying her picture at the security desk—were unreasonable or "negligent." Finally, nowhere does she suggest that Defendant's investigation into the alleged threatening phone call was itself negligently conducted: indeed, she is quick to point out that Defendant ultimately concluded that the charge was "unsubstantiated." To the extent she raises any claim in regard to the disciplinary action, then, she has failed to allege any breach of a duty owed her.