67 F.Supp.2d 1057 (1999)
Terri S. BIERMANN, et al., Plaintiffs,
v.
UNITED STATES of America, Defendant.
No. 4:97-CV-1082 CAS.
United States District Court, E.D. Missouri, Eastern Division.
September 20, 1999.
*1058 Samuel H. Liberman, Liberman and Goldstein, Clayton, MO, for Terri S. Biermann, Glen Biermann, plaintiffs.
Joseph B. Moore, Office of U.S. Attorney, St. Louis, MO, for United States of America, defendant.

MEMORANDUM AND ORDER
SHAW, District Judge.
This matter is before the Court on defendant United States of America's motion to reconsider the Court's prior order of October 5, 1998, and supplemental motion for summary judgment. Plaintiffs oppose the motion.[1] The Court will grant the motion to reconsider and vacate its prior order. For the reasons which follow, the Court concludes that the United States is entitled to summary judgment on the basis of res judicata. In the alternative, the Court concludes that this action must be dismissed for lack of subject matter jurisdiction, based on the exclusive remedy of the Postal Reorganization Act of 1970 ("PRA"), 39 U.S.C. §§ 1001 et seq.

Factual Background.
Plaintiff Terri S. Biermann ("Biermann") is a former employee of the United States Postal Service. In the complaint, she asserts claims under the Federal Tort Claims Act ("FTCA"), based on incidents which occurred in January 1995. The complaint alleges that the "Postal Service discharged Plaintiff [Biermann] without sufficient evidence of misconduct in violation of her employment rights and threatened her with criminal prosecution," and deprived her of "her liberty, her employment, and harassed her, causing her great distress." Complaint, ¶¶ 16-17. As a result of this conduct, Biermann alleges she incurred damages including lost wages, lost pension and other fringe benefits. Biermann also alleges she has continuing injuries including "damages to her reputation, emotional pain, suffering, inconvenience, mental anguish, humiliation and loss of enjoyment of life." Id., ¶¶ 17-18. Plaintiffs characterize the complaint as asserting causes of action for intentional and negligent infliction of emotional distress, false imprisonment and malicious prosecution. See Pls.' Mem. Opp. at 8-11. Plaintiff Glen Biermann asserts claims for loss of consortium.
Biermann alleges that while she was at work in January 1995, two postal inspectors accused her of taking money from her cash drawer on two previous occasions. Biermann asserts that the postal inspectors harassed and badgered her for a period of three hours, showed her documents which they claimed established her guilt, would not listen to her explanations, and threatened her with criminal prosecution. Ultimately, as a result of fright, confusion and exhaustion, Biermann agreed to sign a statement admitting that she had taken the money from her drawer and later put it back. Biermann denied the truth of the confession to the Postmaster shortly thereafter, "realized she had been tricked" and demanded to file a second statement, but *1059 was suspended from employment and later terminated.

Procedural Background.
In 1996, Biermann filed an action in this Court asserting a hybrid claim under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, against the American Postal Workers Union, St. Louis Gateway District Area Local, and the Postmaster General, claiming a breach of the duty of fair representation and breach of the collective bargaining agreement. See Biermann v. Runyon, No. 4:96-CV-92 CAS (E.D.Mo.) ("Biermann I.") The factual allegations of the Biermann I complaint mirror those of the instant complaint, detailing Biermann's interrogation and treatment by the postal inspectors, the confession, and her eventual termination from employment. In Biermann I, Biermann claimed that her Union failed to fairly and adequately represent her because it did not pursue her grievance regarding the suspension and discharge after Step 2 of the applicable grievance procedure, and refused to take the matter to arbitration. Biermann also claimed that the Postmaster General breached the collective bargaining agreement by suspending and discharging her.
Before Biermann I was resolved, Terri and Glen Biermann ("plaintiffs") filed the instant action ("Biermann II") asserting claims against the United States under the FTCA. The two cases were consolidated before the undersigned. On January 7, 1998, the Court granted the Union's motion for summary judgment in Biermann I, concluding there was insufficient evidence for a jury to find that the Union's conduct was arbitrary, discriminatory, or in bad faith. The Court also granted summary judgment in favor of the Postmaster General, because a breach of the duty of fair representation is a condition precedent to any liability on the part of the employer for breach of the collective bargaining agreement. See Mem. and Order of Jan. 7, 1998 at 18-19. The judgment closed Biermann I and the consolidation of the two cases was terminated.
The United States filed a motion to dismiss or in the alternative for summary judgment in Biermann II on August 17, 1998, asserting that the Court lacked subject matter jurisdiction over this action, the complaint failed to state a claim upon which relief could be granted, and there were no genuine issues of material fact precluding judgment in its favor. In its memorandum in support, the United States stated that Biermann I and Biermann II arose out of the same set of facts, and argued without citation to authority that plaintiff "cannot relitigate her claims against the Postal Service which she has already lost in the prior action under the guise of the Federal Tort Claims Act." See Def.'s Mem. Supp. at 4. The United States also argued that plaintiffs' claims did not allege negligent or tortious conduct, but were actually a disguised claim for damages for an alleged wrongful decision by the Postal Service and thus were subject to dismissal, citing Premachandra v. United States, 739 F.2d 392, 393 (8th Cir.1984) (FTCA action asserting claims for mental anguish and other tort damages arising from wrongful dismissal was barred by the exclusive remedy of the civil service laws). In response, plaintiffs asserted that they alleged the commission of intentional torts, and that no other statutory remedies barred their claims as they were not asserting a wrongful discharge claim.
The Court denied the motion to dismiss, concluding in part that plaintiffs were not attempting to relitigate the claims on which summary judgment had been granted in Biermann I, and were not challenging the decision to terminate Biermann s employment. Mem. and Order of Oct. 5, 1998 at 3. The United States filed the instant motion for reconsideration, arguing that the Court lacks subject matter jurisdiction over this action because plaintiffs' FTCA claims are barred by the exclusive remedies provided through the Federal Employees' Compensation Act ("FECA"), 5 U.S.C. §§ 8101 et seq., and the PRA.

*1060 Discussion.

I.
Upon reconsideration, the Court concludes that this action is barred by res judicata, or claim preclusion. The Eighth Circuit has stated that claim preclusion bars the assertion of claims in a second case following entry of judgment in a prior action, where "(1) the prior judgment was rendered by a court of competent jurisdiction, (2) the decision was a final judgment on the merits, and (3) the same cause of action and the same parties or their privies were involved in both cases." De Llano v. Berglund, 183 F.3d 780, 781 (8th Cir.1999); see Larken, Inc. v. Wray, 189 F.3d 729, 732-33 (8th Cir.1999).
The doctrine of claim preclusion provides that a "final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Plough v. West Des Moines Community Sch. Dist., 70 F.3d 512, 514 (8th Cir.1995) (emphasis added) (quoting Allen v. McCurry, 449 U.S. 90, 94, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980)); Lane v. Peterson, 899 F.2d 737, 741 (8th Cir.), cert. denied, 498 U.S. 823, 111 S.Ct. 74, 112 L.Ed.2d 48 (1990). "[I]f a case arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action, ... the two cases are really the same `claim' or `cause of action' for purposes of res judicata." Ruple v. City of Vermillion, S.D., 714 F.2d 860, 861 (8th Cir.1983), cert. denied, 465 U.S. 1029, 104 S.Ct. 1290, 79 L.Ed.2d 692 (1984).
As to the first and second elements of claim preclusion, there is no question that the Court had jurisdiction to enter judgment in Biermann I, and the entry of summary judgment was a final judgment on the merits. The third element is comprised of two separate inquiries, concerning an identity of the parties or their privies, and an identity of the cause of action in both suits. De Llano, 183 F.3d at 781; Keith v. Aldridge, 900 F.2d 736, 739 (4th Cir.), cert. denied sub nom. Keith v. Rice, 498 U.S. 900, 111 S.Ct. 257, 112 L.Ed.2d 215 (1990).
An identity of parties plaintiff clearly exists between Terri Biermann in Biermann I and Terri Biermann and Glen Biermann in Biermann II. With respect to the parties defendant, in Biermann I, Terri Biermann sued the Postmaster General of the United States, and in this sued the United States. The Postmaster General is an officer of the United States Government. Crawford v. Runyon, 79 F.3d 743, 744 (8th Cir.1996) (noting the Postal Service is part of the Government of the United States, 39 U.S.C. § 201, and when the head of the Postal Service acts in his official capacity, he acts in the name of the Postal Service). For this reason, and because the Postmaster General and the Postal Service had the authority to represent the interests of the United States in Biermann I, the Court concludes that defendant United States in this action is in privity with defendant Postmaster General in Biermann I.
The claims in the instant action based on the alleged wrongful termination are clearly barred by res judicata, as they are based on the same nucleus of operative fact as Biermann I. Plaintiffs have merely presented different legal claims which spring from the same set of facts. "It is this identity of facts surrounding the occurrence which constitutes the cause of action, not the legal theory upon which [plaintiff] chose to frame her complaint." Woods v. Dunlop Tire Corp., 972 F.2d 36, 39 (2d Cir.1992) (holding that plaintiff's prior action against her employer asserting that her termination violated the LMRA barred her subsequent Title VII action), cert. denied, 506 U.S. 1053, 113 S.Ct. 977, 122 L.Ed.2d 131 (1993). See also Brzostowski v. Laidlaw Waste Systems, Inc., 49 F.3d 337, 338 (7th Cir.1995) (concluding that former employee's state court action for breach of employment contract barred his subsequent Age Discrimination in Employment Act ("ADEA") suit); Mills v. Des Arc Convalescent Home, 872 F.2d *1061 823, 826-27 (8th Cir.1989) (holding that a judgment dismissing a Title VII case for failure timely to bring suit barred, on res judicata grounds, a subsequent claim against the same parties under 42 U.S.C. § 1981, where the two suits arose from the same transaction and shared the same nucleus of operative facts); Janik v. Buhrke Tech Int'l, Inc., 4 F.Supp.2d 777, 778-79 (N.D.Ill.1998) (reasoning that employee's prior LMRA claim was based on same factual allegations as subsequent ADEA claim, and therefore the second suit was barred by res judicata); Booth v. Quantum Chem. Corp., 942 F.Supp. 580, 584-86 (S.D.Ga.1996) (concluding that employee's prior state court wrongful termination suit arose out of the same facts as a later Title VII claim, and the prior action had a preclusive effect on the federal claim).
With respect to plaintiffs' tort claims, an examination of the two complaints and the Court's order granting summary judgment in Biermann I reveals that the claims of infliction of emotional distress, false imprisonment and malicious prosecution in Biermann II arise out of the same nucleus of operative fact as the § 201 claims in Biermann I. The factual allegations of the two Biermann complaints are virtually identical, with the exception that Biermann I contains additional allegations concerning acts and omissions of Terri Biermann's union, and the same underlying occurrences were relevant to both the FTCA claims and § 201 claims. At the root of both actions is the same set of facts: the conduct of the postal inspectors in accusing and interrogating Terri Biermann, her confession, her attempt to recant the confession, and her allegedly wrongful suspension and termination from employment.
In Harms v. United States, 1992 WL, 203942, *6-8, 972 F.2d 339 (4th Cir.1992) (Table) (unpublished per curiam), the Fourth Circuit held that a former Postal Service employee's FTCA claims for abuse of process and malicious prosecution were barred by res judicata based on her prior action appealing termination from a postmaster position, where the same operative facts gave rise to each action, relying on Keith v. Aldridge, 900 F.2d at 739-40 (former Air Force employee's Title VII and Privacy Act suit, which included claim that supervisor's dismissal investigation notes were wrongfully withheld, precluded subsequent action alleging that failure to provide the investigation notes violated plaintiff's right to due process under the Fifth Amendment). The Court concludes that plaintiffs' FTCA claims arise from the same operative facts as in Biermann I, and could have been raised in that action. Therefore, an identity of the cause of action in both the earlier and later actions is present.
For the foregoing reasons, plaintiffs' claims under the FTCA are barred by res judicata and summary judgment is appropriate.

II.
In the alternative, upon reconsideration the Court concludes that the PRA bars plaintiffs' action and deprives the Court of subject matter jurisdiction.
The FTCA waives the sovereign immunity of the federal government in certain limited circumstances to allow civil actions against the United States for injuries caused by a federal employee acting within the scope of employment. 28 U.S.C. § 1346(b). Generally, however, federal employees are barred from bringing claims against the government when the claims "arise out of an employment relationship that is governed by comprehensive procedural and substantive provisions giving meaningful remedies against the United States." Bush v. Lucas, 462 U.S. 367, 368, 103 S.Ct. 2404, 76 L.Ed.2d 648 (1983). The Civil Service Reform Act provides such remedies to federal civil servants.[2]Id. at 385, 103 S.Ct. 2404; see also *1062 Jones v. Tennessee Valley Auth., 948 F.2d 258, 262 (6th Cir.1991) (the "CSRA is a comprehensive statutory scheme which governs the administrative and judicial review of adverse personnel actions against federal employees.") The PRA includes a comprehensive labor law scheme modeled after private sector labor law, and incorporates by reference many provisions of the Civil Service Reform Act, including Chapter 75, relating to adverse employment actions. 39 U.S.C. § 1005(a).
It is well established that Congress intended the civil service laws to provide the exclusive remedy for federal employees challenging the propriety of federal termination decisions, and such claims may not be brought under the FTCA. Premachandra v. United States, 739 F.2d at 393. "An exclusive remedial regime such as the CSRA may neither be supplemented nor replaced by other remedies." Gergick v. Austin, 997 F.2d 1237, 1239 (8th Cir.1993) (affirming district court's dismissal of federal employee's FTCA claims for intentional infliction of emotional distress on the basis that the CSRA provided the exclusive remedy for these claims), cert. denied sub nom. Gergick v. Johnson, 511 U.S. 1029, 114 S.Ct. 1536, 128 L.Ed.2d 189 (1994). The "comprehensive scheme for dealing with challenges to personnel actions of the Postal Service ... does not include judicial review." Harper v. Frank, 985 F.2d 285, 289 (6th Cir.1993).
In Bradley v. U.S. Postal Service, 832 F.2d 1061, 1062 (8th Cir.1987) (per curiam), a former Postal Service worker was accused of forgery on a leave request form. The plaintiff tendered his resignation after he was threatened with criminal prosecution if he did not resign, but requested several days later that the resignation not be processed. The request was denied. The plaintiff filed a grievance which his union declined to pursue, and then filed suit against the Postal Service asserting Fifth Amendment due process claims. The Eighth Circuit held the case was properly dismissed because the civil service laws are the sole remedy for federal employees challenging wrongful termination decisions. Id.[3]
Other courts have held that the CSRA preempts state law tort claims arising out of personnel actions. See, e.g., Berrios v. Department of the Army, 884 F.2d 28, 31-32 (1st Cir.1989) (CSRA preempted state law tort claims for defamation out of proceedings to remove plaintiff from his employment); Broughton v. Courtney, 861 F.2d 639, 644 (11th Cir.1988) (CSRA preempted state law claims of conspiracy and intentional interference with employment related to an adverse personnel action); David v. United States, 820 F.2d 1038, 1043 (9th Cir.1987) (holding CSRA preempted common-law claim for infliction of emotional distress arising from supervisors' alleged harassment and termination of federal employee union stewardess); Bartlett v. United States, 835 F.Supp. 1246, 1263 (E.D.Wash.1993) (CSRA barred plaintiff's claim for negligent infliction of emotional distress under the FTCA).
The Court concludes that Terri Biermann's FTCA claims are preempted by the sole remedy available under the PRA. Glen Biermann's loss of consortium claim is derivative of his wife's claim, and is therefore similarly preempted. See Rivera v. United States, 924 F.2d 948, 950 n. 2 (9th Cir.1991) (holding in FTCA action that CSRA barred the plaintiff's tort claims and her husband's derivative claims for loss of consortium). Because the PRA contains a comprehensive scheme of employment rights within the Postal Service, and does not contain a statutory right to judicial review, the Court lacks jurisdiction over plaintiffs' FTCA claims. The Court *1063 does not reach the issue whether the Federal Employees Compensation Act also bars plaintiffs' claim, or the other issues raised in the United States' supplemental motion for summary judgment, and the same should be denied as moot.

Conclusion.
For the foregoing reasons, the Court concludes that all of the elements of res judicata are present, and plaintiffs' Federal Tort Claims Act claims are precluded by the entry of judgment against Terri Biermann in Biermann I. The United States' motion for reconsideration should therefore be granted, and its original motion to dismiss or in the alternative for summary judgment should be granted on the grounds discussed above. Summary judgment should be entered in favor of the United States and against plaintiffs on the basis of res judicata. The United States' supplemental motion for summary judgment should be denied as moot as the Court does not reach the issues raised therein.
In the alternative, for the foregoing reasons, the Court concludes that plaintiffs' claims under the Federal Tort Claims Act are preempted by the exclusive remedies available under the Postal Reorganization Act, and therefore the Court must dismiss this case for lack of subject matter jurisdiction. The United States' motion for reconsideration should therefore be granted, and its original motion to dismiss and for summary judgment should be granted on the grounds discussed above. The United States' supplemental motion for summary judgment should be denied as moot as the Court does not reach the issues raised therein.
Accordingly,
IT IS HEREBY ORDERED that defendant United States of America's motion for reconsideration is GRANTED. [Doc. 30-1, 37-1]
IT IS FURTHER ORDERED that plaintiffs' motion to strike is DENIED. [Doc. 33]
IT IS FURTHER ORDERED that the Memorandum and Order dated October 5, 1998 is vacated. [Doc. 28]
IT IS FURTHER ORDERED that the United States' motion to dismiss or in the alternative for summary judgment is GRANTED as set forth hereinabove. [Doc. 21]
IT IS FURTHER ORDERED that summary judgment is entered in favor of defendant United States and against plaintiffs Terri Biermann and Glen Biermann on the basis of res judicata.
In the alternative, IT IS FURTHER ORDERED that this matter is DISMISSED for lack of subject matter jurisdiction.
IT IS FURTHER ORDERED that the United States' supplemental motion for summary judgment is DENIED as moot. [Doc. 30-1, 37-1]
IT IS FURTHER ORDERED that the United States' motion is limine is DENIED as moot. [Doc. 31]
An appropriate judgment will accompany this memorandum and order.

JUDGMENT
In accordance with the memorandum and order of this date and incorporated herein,
IT IS HEREBY ORDERED that defendant United States of America's alternative motion for summary judgment is GRANTED.
IT IS FURTHER ORDERED, ADJUDGED and DECREED that judgment is entered in favor of defendant United States of America and against plaintiffs Terri S. Biermann and Glen Biermann.
Costs are assessed against plaintiffs.
NOTES
[1] Plaintiffs also move to strike the United States' motion on the grounds that it was untimely, failed to include a statement of material facts as required by Eastern District Local Rule 4.01(E), and was not filed as a motion package as required by Rule 4.05. The Court previously granted leave for the filing of the United States' motion, after hearing arguments of both counsel, and gave plaintiffs thirty days to respond. The United States' motion was subsequently refiled as a motion package [Doc. 37]. Plaintiffs' motion to strike will be denied.
[2] The Civil Service Reform Act, 92 Stat. 1111, is codified as amended in scattered sections of 5 United States Code.
[3] See also Weber v. Named Federal Officials, 1995 WL 564523, *1, 68 F.3d 479 (8th Cir. 1995) (Table) (unpublished per curiam) (federal employee whistleblower's complaint that he was harassed, arrested without probable cause, falsely prosecuted, and verbally and physically abused fell within the parameters of the CSRA, and therefore his Bivens action was properly dismissed for failure to state a claim).