# United States Court of Appeals
### For the Eighth Circuit

_____

No. 15-2317

_____

A. H., a minor, by and through his Next Friend, Tracy Hubbard

*Plaintiff - Appellant*

v.

Midwest Bus Sales, Inc.

*Defendant - Appellee*

_____

No. 15-2318

_____

Renna Yi

*Plaintiff - Appellant*

v.

Midwest Bus Sales, Inc.

*Defendant - Appellee*

_____

Appeals from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: February 9, 2016
Filed: May 19, 2016
_____

Before RILEY, Chief Judge, LOKEN and BENTON, Circuit Judges.
_____

RILEY, Chief Judge.

Missouri citizens A.H. and Renna Yi, both minors, were passengers on a school bus that collided with a pickup truck, causing them serious injuries. A.H.'s parents, and his mother Tracy Hubbard on A.H.'s behalf, and Yi's parents, and her mother Huairen Yi on Yi's behalf, separately sued numerous entities in Missouri state court, including the manufacturer and retailer of the bus and the manufacturer of its brakes, alleging, among other things, the brakes were defective. Kansas citizen Midwest Bus Sales, Inc. (Midwest Bus), the retail seller of the bus, originally was a party to each action, but was omitted from subsequent amended complaints. The consolidated cases went to trial against the remaining defendants, the jury found in favor of all the remaining defendants, the state trial court entered judgment, and the Missouri Court of Appeals affirmed.

A.H. (through his Next Friend, Tracy Hubbard) and Yi (appellants) also each sued Midwest Bus in federal court in the Western District of Missouri in diversity actions under Missouri law. See 28 U.S.C. § 1332(a)(1), (c)(1)-(2). The district court[1] granted Midwest Bus's motions to dismiss, deciding appellants' claims were barred by res judicata, also known as claim preclusion.[2] Appellants appeal. We affirm on

_____

[1] The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

[2] Res judicata can also be used as an umbrella term to refer both to claim preclusion and collateral estoppel (issue preclusion). See, e.g., Chesterfield Vill. Inc.,

the alternative basis that appellants' claims are barred by collateral estoppel, also known as issue preclusion.[3]

## I.    BACKGROUND

On May 9, 2005, A.H. and Renna Yi were riding in a Liberty Public School District (LPSD) school bus that crashed into a pickup truck as the bus sped through an intersection located at the bottom of a hill in Liberty, Missouri. According to the bus driver, the bus's brakes failed as she drove down the hill, so she began swerving to avoid the vehicles in the intersection but ultimately crashed into the truck.

The following month, A.H. and Yi each filed suit in the Circuit Court of Clay County, Missouri, against, among others, Bendix Commercial Vehicle Systems, LLC (Bendix), the manufacturer of the brakes; Thomas Built Buses, Inc. (Thomas Built), the manufacturer of the bus; Freightliner, LLC (Freightliner), Thomas Built's parent company; and Midwest Bus, the retail seller of the bus.[4] Midwest Bus was not named in either A.H's or Yi's final amended petitions.[5]

---

v. City of Chesterfield, 64 S.W.3d 315, 318 n.5 (Mo. 2002) (en banc). To avoid confusion, we use res judicata to refer exclusively to claim preclusion and collateral estoppel to refer to issue preclusion.

[3]We have jurisdiction under 28 U.S.C. § 1291.

[4]The state courts later joined A.H.'s, Yi's, and the pickup truck driver's separate suits for trial and appeal. A.H.'s and Yi's federal appeals were consolidated in July 2015.

[5]In its motions to dismiss the federal cases, Midwest Bus asserted it nonetheless remained a party for the duration of the state court case because appellants never filed a motion to dismiss Midwest Bus, and the court never entered such an order. In its appeal brief, Midwest Bus states, "[w]hether Midwest Bus was dismissed from the state court case is irrelevant to whether res judicata applies." Midwest Bus contends res judicata still applies because "Midwest Bus was in privity with the state court defendants." We need not decide this question because we affirm the district court's

A jury trial took place early in 2013 with Bendix, Thomas Built, and Freightliner (state court defendants) as named defendants. The claims were against

(1)     Bendix for strict liability for selling defective automatic slack adjusters (ASAs), which are a component of the brake system;

(2)     Bendix for strict liability for failing to warn that the ASAs were unreasonably dangerous;

(3)     Thomas Built for strict liability for selling a defective bus; and

(4)     Freightliner for negligently failing to warn Thomas Built that manual adjustment of the ASAs was dangerous.

The state court defendants' theory of the crash was "pedal misapplication," that is, the bus driver was pressing the accelerator when she thought she was pressing the brake. The jury found in favor of all these defendants on all claims. In October 2014, the Missouri Court of Appeals affirmed. See Gleason v. Bendix Commercial Vehicle Sys., LLC, 452 S.W.3d 158, 185 (Mo. Ct. App. 2014).

In March 2015, A.H. and Yi each filed parallel diversity suits against Midwest Bus in the Western District of Missouri. See 28 U.S.C. § 1332(a)(1), (c)(1)-(2). Both complaints alleged Midwest Bus (1) inspected the bus before delivering it to LPSD but "negligently failed to discover" improper installation of three of four ASAs, and (2) knew "of the hazards . . . of manual adjustment of automatic slack adjusters and negligently failed to warn [LPSD]." The parties agree Missouri law applies to appellants' claims.

judgment on the alternative ground of collateral estoppel, the application of which does not require identity of parties between the defendants in the state court case and the present case. See, e.g., James v. Paul, 49 S.W.3d 678, 682-83, 685 (Mo. 2001) (en banc).

Midwest Bus moved to dismiss, asserting appellants' claims were barred by res judicata, collateral estoppel, and the prohibition against claim splitting. Appellants responded that res judicata precludes only successive claims against the same party, and Midwest Bus was dismissed from the state court case and "is not and was not in privity with any" remaining state court defendant. Appellants maintained that while collateral estoppel prevents a party from relitigating an issue already decided in an earlier case, they raised issues not previously litigated in the state court case. According to appellants, "[t]he trial of claims against [the state court defendants] could not, and demonstrably did not, adjudicate facts unique to Plaintiff[s'] claim[s] that Midwest Bus's own negligent inspection of the bus failed to uncover improper installation of the brakes, and its own negligent failure to warn [LPSD] mechanics of a known dangerous maintenance practice."

The district court granted Midwest Bus's motions, issuing a detailed order in A.H.'s case explaining the principles of res judicata precluded the action because "both [the state court case and the federal case] involved (a) the same parties or their privies, and (b) the same cause of action."[6] First, the district court concluded that even if it assumed Midwest Bus voluntarily was dismissed without prejudice from the state court case before trial, Midwest Bus was in privity with the state court defendants and therefore the identity of parties requirement was satisfied. Quoting Clements v. Pittman, 765 S.W.2d 589, 591 (Mo. 1989) (en banc), the district court determined the state court defendants "'represented the same legal right'" as Midwest Bus. Observing "the subject matter of both cases [wa]s alleged brake failure," the district court further explained "[t]he state court defendants successfully defended those allegations, and Midwest Bus ha[d] an identical and intertwined interest in rebutting the same claims."

---

[6]The district court also issued a brief order in Yi's case dismissing that case for the same reasons.

Second, quoting Ronwin v. Union Electric Company, 2011 WL 442370, at *2 (W.D. Mo. Feb. 2, 2011), the district court decided the present case involved the same claims as the state court case because the claims "'ar[o]se out of the same nucleus of operative facts.'" The district court reasoned "both cases necessarily depend on the same set of facts; if Thomas Built did not improperly install the automatic slack adjusters, then Midwest Bus cannot be liable for failing to discover an improper installation." Furthermore, "both cases depend on . . . whether manual adjustments were dangerous and whether a warning was required." Because the jury found failure to warn "was not the cause of the accident," the district court continued, "[i]t [wa]s irrelevant who was supposed to give the warning." The district court added that even if the claims in the present cases *were* different than those in the state court case, the present claims "'**could have been brought in the first suit**,'" quoting Chadd v. City of Lake Ozark, 326 S.W.3d 98, 101-02 (Mo. Ct. App. 2010), and would also be precluded on that basis. The district court did not address Midwest Bus's collateral estoppel or claim splitting arguments. Appellants appeal.

## II.  DISCUSSION
### A.  Standard of Review

"We review *de novo* the district court's grant of a motion to dismiss for failure to state a claim based on *res judicata*," Laase v. County of Isanti, 638 F.3d 853, 856 (8th Cir. 2011), "accept[ing] all facts in the complaint as true and grant[ing] all reasonable inferences in favor of the nonmoving party," Cent. Platte Nat. Res. Dist. v. U.S. Dep't of Agric., 643 F.3d 1142, 1148 (8th Cir. 2011). "[W]e may 'affirm the judgment below on any ground supported by the record, whether or not raised or relied on in the [d]istrict [c]ourt.'" Christiansen v. W. Branch Cmty. Sch. Dist., 674 F.3d 927, 933-34 (8th Cir. 2012) (second and third alteration in original) (quoting Wycoff v. Menke, 773 F.2d 983, 986 (8th Cir. 1985)). "We look to the substantive law of the forum state in applying the collateral estoppel doctrine." In re Scarborough, 171 F.3d 638, 641 (8th Cir. 1999).

## B. Federal Rule of Civil Procedure 12(b)(6) Standard

Before turning to preclusion, we first dispense with appellants' claim the district court failed to accept as true all facts in the complaint and to hold Midwest Bus to its burden of proving its affirmative defenses. For an affirmative defense such as res judicata to provide a basis for dismissal under Rule 12(b)(6), the affirmative defense must be "'apparent on the face of the complaint,'" which "'include[s] public records and materials embraced by the complaint' and 'material[s] attached to the complaint.'" C.H. Robinson Worldwide, Inc. v. Lobrano, 695 F.3d 758, 764 (8th Cir. 2012) (alterations in original) (internal citation omitted) (first quoting Noble Sys. Corp. v. Alorica Cent., LLC, 543 F.3d 978, 983 (8th Cir. 2008); then quoting Quinn v. Ocwen Fed. Bank FSB, 470 F.3d 1240, 1244 (8th Cir. 2006) (per curiam)).

Appellants argue "[e]ach and every one of the District Court's findings is rooted in [its] speculation as to what the State Court judgment represents, contrary to what the Complaints allege and what the State Court records show." We agree with Midwest Bus that appellants' challenge to the district court's use of the state court records under Rule 12(b)(6) merely recasts their arguments opposing the district court's substantive rulings. Appellants neither point to any particular document or specific fact the district court purportedly erroneously considered nor do they support their proposition that the district court engaged in speculation as opposed to interpretation or analysis.

## C. Preclusion

Claim preclusion, "precludes relitigation of a claim formerly made." Chesterfield Vill. Inc., 64 S.W.3d at 318. It "applies where '[(1)] the prior judgment was rendered by a court of competent jurisdiction, (2) the decision was a final judgment on the merits, and (3) the same cause of action and the same parties or their privies were involved in both cases.'" Bannum, Inc. v. City of St. Louis, 195 S.W.3d 541, 544 (Mo. Ct. App. 2006) (quoting Biermann v. United States, 67 F. Supp. 2d 1057, 1060 (E.D. Mo. 1999)). "Claim preclusion also precludes a litigant from

bringing, in a subsequent lawsuit, claims that *should* have been brought in the first suit." Kesterson v. State Farm Fire & Cas. Co., 242 S.W.3d 712, 715 (Mo. 2008) (en banc).

Collateral estoppel, in contrast, requires that:

> (1) the issue decided in the prior case mirrors that in the present action; (2) the prior suit resulted in a final judgment on the merits; (3) *the party against whom the doctrine is asserted* participated as a party or in privity with a party to the prior adjudication; and (4) the party against whom the doctrine may apply had a full and fair opportunity to litigate the issue.

Hollida v. Hollida, 190 S.W.3d 550, 554 (Mo. Ct. App. 2006) (emphasis added). Missouri has relaxed the "mutuality of estoppel" rule with respect to defensive collateral estoppel, meaning that only the party against whom collateral estoppel is asserted need be a party or in privity with a party in the previous case. See James, 49 S.W.3d at 685; Oates v. Safeco Ins. Co. of Am., 583 S.W.2d 713, 719 (Mo. 1979) (en banc). Thus, Midwest Bus may defensively invoke collateral estoppel even if it was dismissed from the state court case because the appellants, the parties against whom collateral estoppel is asserted, were parties in the state court case. See James, 49 S.W.3d at 685. Unlike res judicata, collateral estoppel only applies to issues that were actually litigated and decided, not to issues that could have been raised in the prior action but were not. See Hollida, 190 S.W.3d at 554-55.

Neither party challenges the district court's decision not to reach the question of issue preclusion. However, many of the parties' arguments in effect concern issue preclusion, so we affirm on that alternate basis.[7] In the present case, appellants allege Midwest Bus (1) inspected the bus before delivering it to LPSD, but "negligently

_____

[7]We need not review the district court's claim preclusion ruling.

failed to discover" improper ASA installation, and (2) knew "of the hazards . . . of manual adjustment of automatic slack adjusters and negligently failed to warn [LPSD]." We inquire whether these specific issues were "actually litigated and determined in the prior adjudication."[8] Am. Polled Hereford Ass'n v. City of Kansas City, 626 S.W.2d 237, 241 (Mo. 1982).

### 1.    Improper Installation Issue

The district court reasoned, "if Thomas Built did not improperly install the automatic slack adjusters, then Midwest Bus cannot be liable for failing to discover an improper installation." In appellants' view, "an ultimate fact -- 'negligent inspection' – which was not pled against any defendant in the State Court case" cannot rest "on a determination in that case of a different fact -- that Thomas Built improperly installed the ASAs." Appellants also contend the issue of whether Thomas Built improperly installed the ASAs was not actually determined in the state court trial because the general jury verdicts do not reveal the basis for the jury's decision.

As Midwest Bus replies, "general verdicts do not automatically prohibit the application of collateral estoppel."

> "To ascertain what issues a jury must have decided when it reached a general verdict, a court must examine the record of a prior proceeding, taking into account the pleadings, evidence, . . . and other relevant matter, and conclude whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration."

Figgins v. State, 469 S.W.3d 469, 473 (Mo. Ct. App. 2015) (quoting State v. Cusamano, 399 S.W.3d 909, 914-15 (Mo. Ct. App. 2013)).

---

[8]The parties do not dispute there was a final judgment on the merits in the state court case or that the parties against whom collateral estoppel is asserted (A.H. and Yi) were parties in the state court case and this case.

The relevant verdict relating to this issue is the one regarding appellants' strict liability claim against Thomas Built for selling the bus with improperly installed ASAs. Could "'a rational jury . . . have grounded its verdict upon an issue other than'" whether the ASAs were improperly installed? Id. (quoting Cusamano, 399 S.W.3d at 914-15). At appellants' request, the jury was instructed to find for appellants against Thomas Built if:

First, defendant sold the school bus in the course of defendant's business, and

Second, the school bus was then in a defective condition unreasonably dangerous when put to a reasonably anticipated use, and

Third, the school bus was used in a manner reasonably anticipated, and

Fourth, such defective condition as existed when the school bus was sold directly caused or directly contributed to cause damage to plaintiff[s].

Thomas Built did not present evidence the bus was not sold in the course of its business or was not used in a manner reasonably anticipated. The jury could have thought the bus "was . . . in a defective condition unreasonably dangerous when put to a reasonably anticipated use," but that condition did not "directly cause[] or directly contribute[] to cause damage to plaintiff[s]." This conclusion would be consistent with the state court defendants' theory of the crash—that the driver was pressing the accelerator instead of the brake. However, the jury had to have found *either* the bus was not "in a defective condition unreasonably dangerous" *or* the bus was "in a defective condition unreasonably dangerous," but such defective condition did not directly cause or contribute to cause appellants' injuries. Either way, the jury "unambiguously decided" appellants' injuries were not caused by improper installation of ASAs on the bus, precluding appellants from relitigating that issue in this case. Shores v. Express Lending Servs., Inc., 998 S.W.2d 122, 126 (Mo. Ct. App.

-10-

1999) ("Collateral estoppel precludes the same parties . . . from relitigating issues which were necessarily and unambiguously decided in a previous final judgment.").

### 2.    Failure to Warn Issue

Appellants also allege Midwest Bus knew that manual adjustment rendered ASAs unsafe, but negligently failed to warn LPSD against the practice.  The relevant verdict relating to this issue is the failure to warn claim against Bendix.  The jury was instructed to find in appellants' favor against Bendix if:

> First, defendant sold the automatic slack adjusters in the course of defendant's business, and
>
> Second, the automatic slack adjusters were then unreasonably dangerous when put to a reasonably anticipated use without knowledge of their characteristics, and
>
> Third, defendant did not give an adequate warning of the danger, and
>
> Fourth, the product was used in a manner reasonably anticipated, and
>
> Fifth, defendant's failure to give an adequate warning directly caused or directly contributed to cause damage to plaintiff[s].

At trial, Bendix did not dispute that (1) the ASAs were sold in the course of Bendix's business, (2) Bendix did not warn against manual adjustment of the ASAs, or (3) the ASAs were "used in a manner reasonably anticipated."  The jury had to have concluded either (1) the ASAs were not "unreasonably dangerous," or (2) the ASAs were "unreasonably dangerous," but were not the cause or a contributing cause of the crash.  Either conclusion would prevent appellants' recovery here.  Appellants may not relitigate these issues.

## III.  CONCLUSION

The judgments of the district court are affirmed.

_____