# United States Court of Appeals

## For the Eighth Circuit

_____

No. 17-1045

_____

Scott A. Seldin

*Plaintiff - Appellant*

Derry Seldin; Traci Seldin Moser

*Intervenor Plaintiffs*

v.

Theodore M. Seldin; Stanley C. Silverman; Mark Schlossberg

*Defendants - Appellees*

_____

No. 17-1047

_____

Scott A. Seldin

*Plaintiff - Appellee*

Derry Seldin; Traci Seldin Moser

*Intervenor Plaintiffs - Appellants*

v.

Theodore M. Seldin; Stanley C. Silverman; Mark Schlossberg

*Defendants - Appellees*

_____

Appeals from United States District Court
for the District of Nebraska - Omaha
_____

Submitted: November 16, 2017
Filed: January 2, 2018
_____

Before BENTON, SHEPHERD, and KELLY, Circuit Judges.
_____

SHEPHERD, Circuit Judge.

In 2010, feuding members of the Seldin family entered into a Separation Agreement to divide jointly owned assets. The Separation Agreement contained an arbitration clause, requiring the parties to arbitrate any claims involving their jointly owned property. Rather than arbitrating, Appellant Scott Seldin ("**Scott**") filed a lawsuit for an accounting of a trust that he claims was not included in the Separation Agreement. The district court dismissed his claim, finding that the federal courts lacked subject matter jurisdiction to hear the lawsuit. We disagree.

## I. Background

Millard Seldin ("**Millard**"), Scott's father, created the Millard Seldin Children's Master Trust ("**MSCM Trust**") in 1992. Theodore Seldin and Stanley Silverman (together "**Appellees**") were designated as two of the trustees for the MSCM Trust. Scott, along with his siblings, Derry Seldin and Traci Seldin Moser (together "**Intervenors**"), were the beneficiaries of the trust. The MSCM Trust required an annual accounting of the trust assets. Scott alleges that Appellees

breached their fiduciary duties as trustees and never submitted a trust report to Scott or Intervenors. The trust was dissolved in 2002.

In February 2010, Scott and Millard entered into the Separation Agreement with Appellees in order to split the assets in which they had joint interests. The Separation Agreement included an arbitration clause to settle any disputes arising out of or relating to the Separation Agreement or the parties' joint ownership properties or entities. In October 2011, the parties initiated arbitration proceedings. In February 2012, the parties agreed to mediate, using the arbitrator as the mediator. The mediation fell apart, and the arbitration resumed. Following the mediation, Scott began lodging complaints against the arbitrator/mediator, calling for his resignation, but the arbitrator/mediator refused.

Scott then filed three separate lawsuits against Appellees in the Douglas County, Nebraska District Court regarding the parties' joint interests, and each of the lawsuits was dismissed. Scott filed his first state court lawsuit in April 2012, alleging claims that were already pending in arbitration. Among his claims was a cause of action for a full accounting from 1987 to present. The court dismissed Scott's claim, finding that he was required to submit to arbitration.

In June 2012, Scott filed a second state court lawsuit, amending the complaint on October 10, 2012. In March 2013, the state court similarly dismissed the second lawsuit, ordering the parties to resolve their issues through arbitration. In September 2012, Scott filed a demand with the American Arbitration Association (the "**AAA**") for the disqualification of the arbitrator. The AAA reaffirmed the arbitrator. Scott filed a Motion to Reconsider or Clarify Ruling, and the AAA denied the motion.

In December 2012, Scott filed a third lawsuit asking the state court to vacate the AAA ruling or to enjoin arbitration, remove the arbitrator, and reinstate the first lawsuit. In April 2013, the state court dismissed the third lawsuit. Scott appealed

each of the lawsuits. Pending the appeals, the arbitrator stepped down, and the designated replacement arbitrator refused to serve. The parties agreed to select a new arbitrator through the AAA. Appellees moved to dismiss the appeals as moot, and on August 28, 2013, the Nebraska Supreme Court granted their motion.

In October 2013, a new arbitrator was appointed, and the arbitration recommenced. On July 29, 2016, Scott filed a lawsuit in federal court against Appellees, requesting an accounting of the MSCM Trust. Intervenors attempted to intervene, but their motion was denied. Appellees filed a motion to dismiss for lack of subject matter jurisdiction. The district court granted Appellees' motion to dismiss, holding that the court did not have jurisdiction because there was a binding arbitration agreement which gave the arbitrator the authority to first decide the extent of his jurisdiction. Furthermore, the court stated it did not have jurisdiction because res judicata and issue preclusion applied. Finally, the court also found that the Rooker-Feldman doctrine barred the court from hearing Scott's claim.

On April 27, 2017, after all of the briefing was submitted for this appeal, the arbitrator entered a Final Award, finding that the Appellees are entitled to recover from Scott a net amount of $2,977,031, plus post-award simple interest from the date of the award.[1] On May 23, 2017, Appellees filed a Motion to Confirm Arbitration Award as Judgment in state court.

## II. Discussion

The sole issue decided in this appeal is whether the district court erred in granting Appellees' motion to dismiss for lack of subject matter jurisdiction. "We

---

[1]We grant Appellees' Motion for Judicial Notice, requesting that this Court recognize that the arbitrator entered his Final Award and that Appellees have moved for the award to be confirmed as judgment.

-4-

review de novo the grant of a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1)." City of Benkelman v. Baseline Eng'g Corp., 867 F.3d 875, 879-80 (8th Cir. 2017) (quoting Great Rivers Habitat Alliance v. FEMA, 615 F.3d 985, 988 (8th Cir. 2010)).

The district court granted Appellees' 12(b)(1) motion, finding that the court lacked subject matter jurisdiction to hear Scott's claim because the parties had entered into an arbitration agreement. This case is controlled by our decision in City of Benkelman v. Baseline Engineering Corp., where we held that a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction is not the appropriate mechanism to use to attempt to compel arbitration. Benkelman, 867 F.3d at 880-81. An arbitration agreement alone, without other statutory or binding jurisdictional limitations, does not divest the federal courts of subject matter jurisdiction. Id. (holding that "an arbitration agreement has no relevance to the question of whether a given case satisfies constitutional or statutory definitions of jurisdiction"). Rather, Rule 12(b)(6) or Rule 56 motions are the appropriate means for parties seeking to compel arbitration. Id. at 881.

Here, the parties entered an arbitration agreement, but the existence of that agreement alone does not deprive the federal courts of jurisdiction. Because a valid arbitration clause alone does not strip the federal courts of subject matter jurisdiction, we find that the district court erred in dismissing Scott's claim on that basis. See id. The appropriate procedure would have been for the district court to stay or dismiss the case based on a Rule 12(b)(6) or Rule 56 motion pending arbitration. See id.

The district court alternatively stated that it lacked subject matter jurisdiction over Scott's claim because res judicata and collateral estoppel apply. The Supreme Court has stated that "[p]reclusion, of course, is not a jurisdictional matter." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 293 (2005); see also In re Athens/Alpha Gas Corp., 715 F.3d 230, 235 (8th Cir. 2013) (stating that res judicata

is a "non-jurisdictional question"). Because preclusion is not a jurisdictional matter, the district court erred when it found that res judicata and collateral estoppel were sufficient grounds to grant a Rule 12(b)(1) motion. Rather, Rule 12(b)(6) or Rule 56 motions are the more appropriate vehicles for a dismissal based on preclusion. See A.H. ex rel. Hubbard v. Midwest Bus Sales, Inc., 823 F.3d 448, 453 (8th Cir. 2016) (Rule 12(b)(6)); Smith v. United States, 369 F.2d 49, 53 (8th Cir. 1966) (Rule 56).

The district court also found it lacked subject matter jurisdiction based on Rooker-Feldman. To the extent that Scott is a "state court loser" who is challenging the state court's order for his accounting claims to be arbitrated, we agree with the district court that Rooker-Feldman would apply, barring his claim in federal court. See Exxon Mobil, 544 U.S. at 284. However, we think that it is unnecessary to reach the question of whether Rooker-Feldman applies here because the arbitration to which Scott was ordered to submit has already been completed. Thus, on remand the district court may hear a challenge to the enforcement of the arbitration award, but may not consider whether the state court's order to arbitrate accounting claims was appropriate. Furthermore, for the same reasons, we find it is unnecessary to consider Intervenors' appeal of the denial of their motion to intervene.

## III. Conclusion

We reverse and remand to the district court for further proceedings consistent with this opinion.

_____