

# In the Missouri Court of Appeals
# Eastern District

## DIVISION THREE

| | | |
|---|---|---|
| RICK J. CUSUMANO, | ) | No. ED102811 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court of |
| | ) | St. Louis County |
| vs. | ) | 11SL-CC05162 |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable Mark D. Seigel |
| | ) | |
| Respondent. | ) | Filed: August 2, 2016 |

## OPINION

In February 2010, Cusumano was charged with three felonies for the August 5, 1988, sexual assault of a woman ("Victim") in Chesterfield, Missouri. Count I charged Cusumano with the class A felony of forcible rape based on allegations that Cusumano, while acting with another, knowingly and forcibly had sexual intercourse with Victim without her consent while displaying a deadly weapon in a threatening manner. Count II also charged Cusumano with the class A felony of forcible rape, but while the charging document restated the allegations in Count I, it alternatively charged that if Cusumano did not display a deadly weapon in a threatening manner, then he committed the offense by subjecting Victim to sexual intercourse with more than one person. Count III charged Cusumano with the class A felony of forcible sodomy based on allegations that Cusumano, while acting with another, knowingly and forcibly had deviate sexual intercourse with Victim while displaying a deadly weapon in a threatening manner.

On September 22, 2010, Cusumano was convicted after a jury trial in the Circuit Court of St. Louis County of one count of the unclassified felony of forcible rape and one count of the unclassified felony of forcible sodomy, both of which were lesser included offenses to the class A felonies charged in Counts I and III. Cusumano was sentenced to concurrent terms of life in prison on each conviction.[1] However, on Count II, no lesser included offense instruction was given, and the jury was unable to reach a verdict after more than six hours of deliberation. As a result, Count II was reset for trial on January 3, 2011.

At the retrial on Count II, Cusumano was convicted by the jury of one count of the class A felony of forcible rape. The trial court sentenced Cusumano to a term of life in prison, which was to run consecutively to the two concurrent life sentences Cusumano received on his convictions at the prior trial of the unclassified felonies of forcible rape and forcible sodomy arising from the same incident. In *State v. Cusumano*, 399 S.W.3d 909 (Mo.App.E.D. 2013), Cusumano appealed the judgment convicting him of the class A felony of forcible rape, and this Court affirmed. Cusumano then filed a Rule 29.15 motion for post-conviction relief alleging the ineffective assistance of counsel as to that particular conviction. Cusumano's motion was denied after an evidentiary hearing, and he now appeals.

Cusumano argues that the motion court clearly erred when it concluded that trial counsel did not render ineffective assistance (1) by failing to investigate Detective Gary Fourtney as a potential witness and by failing to call him as a witness at trial; (2) by failing to object to Victim's

---

[1] Cusumano appealed his convictions on Counts I and III in *State v. Cusumano*, 358 S.W.3d 137 (Mo.App.E.D. 2011), and this Court affirmed. Cusumano then filed a Rule 29.15 motion for post-conviction relief alleging the ineffective assistance of counsel as to those particular convictions. That motion was denied, and Cusumano appealed. In our opinion in *Cusumano v. State*, ED102810, issued contemporaneously herewith, this Court has now reversed the denial of Cusumano's Rule 29.15 motion in that case and granted him a new trial on Counts I and III.

ex-husband's testimony about Victim's behavioral changes that he testified resulted from the sexual assault she suffered; and (3) by advising Cusumano not to testify at his second trial. Cusumano also argues that the motion court clearly erred when it concluded that appellate counsel did not render ineffective assistance by failing to cite *Green v. United States*, 355 U.S. 184 (1957), or *Price v. Georgia*, 398 U.S. 323 (1970), in support of the argument that Cusumano's conviction on Count II of the class A felony of forcible rape should be set aside on double jeopardy grounds.

We find no reversible error and affirm.

## Standard of Review

We review the denial of a Rule 29.15 motion for post-conviction relief solely to determine whether the motion court's findings and conclusions are clearly erroneous. Rule 29.15(k); *Mallow v. State*, 439 S.W.3d 764, 768 (Mo.banc 2014). Findings and conclusions are clearly erroneous only if, after reviewing the entire record, we are left with the definite and firm impression that a mistake has been made. *Id.* The movant bears the burden of demonstrating by a preponderance of the evidence that the motion court clearly erred in its ruling. *Roberts v. State*, 276 S.W.3d 833, 835 (Mo.banc 2009). We presume that the motion court's findings are correct. *Mallow*, 439 S.W.3d at 768.

We apply the two-part *Strickland* test to ineffective-assistance-of-counsel claims for post-conviction relief under Rule 29.15. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Johnson v. State*, 406 S.W.3d 892, 898 (Mo.banc 2013). To be entitled to relief, the movant must show by a preponderance of the evidence that (1) his counsel failed to exercise the level of skill and diligence that reasonably competent counsel would have exercised in a similar situation, and (2) that he was prejudiced by that failure. *Id.* at 898-99. We presume that counsel's decisions were part of a reasonable trial strategy, and to overcome this presumption the movant must identify

3

specific acts or omissions of counsel that, in light of all the circumstances, fell outside the wide range of professionally competent assistance and rendered counsel's trial strategy unreasonable. *Id.* at 899. To show prejudice, the movant must demonstrate that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.*

The standard for reviewing a claim of ineffective assistance of appellate counsel is essentially the same as that used in a claim regarding trial counsel. *Morse v. State*, 462 S.W.3d 907 (Mo.App.E.D. 2015) (citing *Mallett v. State*, 769 S.W.2d 77, 83 (Mo.banc 1989)). To overcome the presumption that appellate counsel provided reasonable and effective assistance, the movant must show that counsel failed to assert a claim of error that would have required reversal had it been asserted and that was so obvious from the record that competent and effective counsel would have recognized and asserted it. *Id.* The error not raised by appellate counsel must have been so substantial as to amount to a manifest injustice or a miscarriage of justice. *Id.* To show prejudice, the movant must demonstrate that the claimed error was sufficiently serious that, if it had been raised, there is a reasonable probability the outcome of the appeal would have been different. *Id.* at 912-13.

Appellate counsel will not be found ineffective for failing to raise a non-meritorious claim. *Glover v. State*, 225 S.W.3d 425, 429 (Mo.banc 2007); *see also Morse*, 462 S.W.3d at 913. Further, appellate counsel has no duty to raise every possible issue asserted in the motion for new trial on appeal, and no duty to present non-frivolous issues where appellate counsel strategically decides to winnow out arguments in favor of other arguments. *Baumruk v. State*, 364 S.W.3d 518, 539 (Mo.banc 2012).

**Point I: Failure to Investigate Detective Gary Fourtney as a Potential Witness and to Call Him as a Witness at Trial**

With regard to Point I, we find first that Cusumano failed to prove that trial counsel rendered ineffective assistance by failing to *investigate* Detective Fourtney as a potential witness. When an ineffective assistance of counsel claim is based on an alleged failure to investigate a witness, the movant must allege what specific information counsel failed to discover; that reasonable investigation would have disclosed that information; and that the information would have improved the movant's position. *Dehart v. State*, 755 S.W.2d 611, 613 (Mo.App.E.D. 1988). Cusumano has failed to make any such allegations; all the information about which he asserted that he wished to have Detective Fourtney testify at trial was included in the detective's contributions to the 1988 police report about the assault, and counsel read and considered all of that information in deciding not to further investigate Detective Fourtney as a witness. This evidence from the record refutes Cusumano's claim that counsel failed to sufficiently investigate.

Second, we find that Cusumano failed to prove that trial counsel rendered ineffective assistance by failing to *call* Detective Fourtney as a witness at trial. A decision not to call a witness to testify, as a matter of trial strategy, is virtually unchallengeable. *Robinson v. State*, 469 S.W.3d 871, 880 (Mo.App.E.D. 2015) (citing *Leisure v. State*, 828 S.W.2d 872, 875 (Mo.banc 1992)). To establish ineffective assistance of counsel based on the failure to call a witness, the movant must demonstrate that (1) trial counsel knew or should have known of the witness's existence; (2) the witness could be located through reasonable investigation; (3) the witness would testify; and (4) the witness's testimony would have produced a viable defense. *Id.* (citing *McDaniel v. State*, 460 S.W.3d 18, 29 (Mo.banc 2014)). If a potential witness's testimony would not unqualifiedly support a defendant, the failure to call such a witness does not constitute ineffective assistance. *Id.* (citing

5

*Worthington v. State*, 166 S.W.3d 566, 577 (Mo.banc 2005)). Moreover, trial counsel's failure to call a particular witness solely to impeach another, without some greater purpose—such as to establish a specific defense—does not warrant post-conviction relief. *Tucker v. State*, 468 S.W.3d 468, 474 (Mo.App.E.D. 2010).

Here, the record refutes any claim that Detective Fourtney's testimony would have produced a viable defense for Cusumano to Count II against him, which charged him with the class A felony of forcible rape based on allegations that he, acting with another, knowingly and forcibly had sexual intercourse with Victim without her consent, and that in the course of committing the offense he subjected Victim to sexual intercourse with more than one person. Cusumano's sole argument is that the detective would have testified regarding his contributions to the 1988 police report, which included Detective Fourtney's paraphrasing of a statement by Victim about the assault against her, and that the detective's testimony as to Victim's statements in the report would have impeached her trial testimony about the assault. But even if we assume that Detective Fourtney's testimony about Victim's statements in the report would have impeached her trial testimony—and there are reasons to believe it would not have done so, and would have failed to unqualifiedly support Cusumano—we fail to see how such impeachment would have established a viable defense for Cusumano to Count II. None of the alleged contradictions between Victim's trial testimony and her statements from 1988, as paraphrased by Detective Fourtney and never reviewed by Victim, establish any defense or raise any doubt whether Cusumano committed the class A felony of forcible rape as charged in Count II. And as stated above, the failure to call a witness for purposes of impeachment alone does not warrant post-conviction relief. Accordingly, Point I is denied.

6

**Point II: Failure to Object to Victim's Ex-Husband's Testimony**

In Point II, Cusumano claims that trial counsel rendered ineffective assistance by failing to object to Victim's ex-husband's testimony about Victim's behavioral changes that he testified resulted from her assault. We disagree because the record shows that counsel actually *did* object to this testimony and received a continuing objection to it.

Moreover, even if we assume that counsel did not object, common experience teaches us a sexual offense can cause behavioral and personality changes in the complainant. *Cusumano*, 399 S.W.3d at 917 (citing *State v. Burke*, 719 S.W.2d 887, 890 (Mo.App.E.D.1986)). Consequently, evidence of physical and psychological changes in the victim is relevant to prove the elements of the sexual offense itself and thus may be admitted to show the offense did in fact occur. *Id.* (citing *State v. Seiter*, 949 S.W.2d 218, 223 (Mo.App.E.D.1997)). The trial court has broad discretion in ruling on the admissibility of evidence where the issue is relevance. *Id.* (citing *State v. Kreutzer*, 928 S.W.2d 854, 867 (Mo.banc 1996)).

Here, Victim's ex-husband, Michael Zpevak, testified that on the night of the assault, Victim returned to their home from an evening jog upset and trembling and told him that she had just been raped at gunpoint by two men. Zpevak testified that Victim feared for her life, and that the assault troubled her for a long time and caused her to be frightened in any unfamiliar situation. He described one incident, a year after the assault, during which Victim had a panic attack for no apparent reason as they walked through an alley to get to a hockey game. He stated that such behavior by Victim would never have occurred prior to the assault. Zpevak also testified that he and Victim installed a security system at their home because of the assault and accompanying threats against Victim.

Victim's ex-husband's testimony was highly probative and relevant at least as to whether the sexual assault occurred, that two men forced Victim to engage in sexual intercourse, and that the men used force in the form of a firearm. Thus, even if counsel had failed to object to Victim's ex-husband's testimony—and despite Cusumano's assertions, the fact of the matter is that counsel *did* object to the relevance of this testimony almost immediately and was given a continuing objection to it—it is not at all clear that it would have been unreasonable for counsel to refrain from objecting to that testimony as irrelevant and unduly prejudicial. Point II is denied.

**Point III: Advice to Cusumano Not to Testify at Second Trial**

In Point III, Cusumano contends that trial counsel rendered ineffective assistance by advising Cusumano not to testify at his second trial. We disagree.

Reasonably competent advice by counsel regarding whether to testify is generally a matter of trial strategy that, barring exceptional circumstances, is not a basis for post-conviction relief. *McCoy v. State*, 431 S.W.3d 517, 521 (Mo.App.E.D. 2014). Here, Cusumano has failed to prove that counsel's advice to him not to testify at the second trial was unreasonable and prejudicial. The record shows that counsel advised Cusumano not to testify at his second trial because counsel had seen him testify poorly at the first trial—which involved the same prosecutor—and because testifying in the second trial would put him at risk of contradicting his former testimony.

Counsel testified at the motion hearing that he explained to Cusumano that there was a strategy involved in counsel advising him not to testify at the second trial. Counsel testified that Cusumano's testimony at the first trial "did not go well for him" because the prosecutor had Cusumano so "unnerved" on cross-examination that Cusumano opened the door to the impeachment of his character by the State. Against counsel's advice to avoid opening the door to character evidence, Cusumano revealed on cross-examination that the reason he was upset to find

8

out, after his sexual contact with the Victim, that she was married was that "he was a good Catholic and he would never have had a sexual relationship with a married woman, if he had known." Counsel stated that if Cusumano had told him this part of the story prior to trial, counsel would have told him to leave it out of his testimony, since it would likely—and actually did—open the door to character evidence.

Especially in light of the fact that counsel warned Cusumano that the same prosecutor would cross-examine him at the second trial if Cusumano were to testify, we cannot say that counsel's advice to Cusumano not to testify was unreasonable and prejudicial. The record shows that Cusumano made at least one critical error while testifying at his first trial, and that if he had testified at his second trial he would have run an additional risk. These are not the exceptional circumstances required for us to question counsel's advice not to testify. Point III is denied.

## Point IV: Failure to Cite *Green v. United States* or *Price v. Georgia*

In Point IV, Cusumano argues that appellate counsel rendered ineffective assistance by failing to cite *Green v. United States*, 355 U.S. 184 (1957), or *Price v. Georgia*, 398 U.S. 323 (1970), in support of the argument that Cusumano's conviction on Count II of the class A felony of forcible rape should be set aside on double jeopardy grounds. We disagree.

In denying Cusumano's double jeopardy argument on direct appeal, this Court explained the operation under Missouri law of the doctrine of collateral estoppel:

> The Fifth Amendment guarantee against double jeopardy embodies the doctrine of collateral estoppel. *State v. Dowell*, 311 S.W.3d 832, 837 (Mo.App.E.D. 2010). "[C]ollateral estoppel bars relitigation of a specific fact or issue that was unambiguously determined by a previous jury." *State v. Simmons*, 955 S.W.2d 752, 760 (Mo.banc 1997); *see also Ashe v. Swenson*, 397 U.S. 436, 444, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970). To ascertain what issues a jury must have decided when it reached a general verdict, a court must "examine the record of a prior proceeding, taking into account the pleadings, evidence, charge, and other relevant matter, and conclude whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration." *State ex rel.*

*Hines v. Sanders*, 803 S.W.2d 649, 650 (Mo.App.E.D. 1991) (quoting *Ashe*, 397 U.S. at 445, 90 S.Ct. 1189). The defendant bears the burden of showing that his prior acquittal bars the present prosecution because the "verdict there necessarily decided the issues now in litigation." *Dowell*, 311 S.W.3d at 837. "Since it is usually impossible to determine with any precision upon what basis the jury reached a verdict in a criminal case, it is a rare situation in which the collateral estoppel defense will be available to a defendant." *Id.* (quotation omitted).

Collateral estoppel "does not even begin to come into play unless the defendant has been acquitted in the first trial." *State v. Moton*, 476 S.W.2d 785, 790 (Mo. 1972). A jury acquits a defendant of a charge when it returns a verdict of not guilty. *See e.g.*, *State v. Peters*, 855 S.W.2d 345, 347 (Mo.banc 1993). Importantly, "Missouri's instructions on lesser-included offenses do not require that the defendant first be acquitted of the greater offense before the jury can consider the lesser offense." *Tisius v. State*, 183 S.W.3d 207, 217 (Mo.banc 2006). Thus, "Missouri juries are allowed to consider the lesser included offenses if they 'do not find the defendant guilty' of the greater offense." *State v. Wise*, 879 S.W.2d 494, 517 (Mo.banc 1994) (*overruled on other grounds by Joy v. Morrison*, 254 S.W.3d 885 (Mo.banc 2008)). By contrast, in states requiring a jury to "acquit first," juries cannot consider the lesser included offense until they have found the defendant "not guilty." *Id.* As the Supreme Court emphasized in *Wise*, the difference in terminology "carries meaning." *Id.*

*Cusumano*, 399 S.W.3d at 914-15.

In accord with these principles, this Court held that collateral estoppel did not preclude Cusumano's conviction on Count II. *Id.* at 915. This Court reasoned that because Missouri is not an "acquittal first" state, the jury did *not* find Cusumano "not guilty" on Counts I and III of the class A felonies of forcible rape and forcible sodomy when it convicted him of lesser included, unclassified felonies on those counts. *Id.* Accordingly, this Court concluded, the jury did not unambiguously determine that the aggravating factors required to charge those offenses were absent, and thus collateral estoppel did not bar a second trial of Cusumano on Count II, which charged him with the class A felony of "aggravated" forcible rape. *Id.*

Upon reaching this holding, this Court deemed "inapposite" the cases cited by Cusumano in which "collateral estoppel applied because a prior jury acquitted the defendant of an offense and, in so doing, necessarily resolved in favor of the defendant a factual issue underlying the

10

subsequent prosecution." *Id.* Although Cusumano's appellate counsel failed to cite *Green* and *Price* in particular—in addition to the several other cases counsel *did* cite—from this category of inapposite cases, we find that citations to *Green* and *Price* would have been redundant and equally unpersuasive.

As stated in *Price*, the United States Supreme Court's holding in *Green*—the rationale for which was applied in *Price*, as well—rested on two premises, neither of which applies here: "First, the Court considered the first jury's verdict of guilty on the [lesser included] charge to be an 'implicit acquittal' on the [greater] charge . . . . Second, and more broadly, the Court reasoned that petitioner's jeopardy on the greater charge had ended when the first jury 'was given a full opportunity to return a verdict' on that charge and instead reached a verdict on the lesser charge." 398 U.S. at 328-29. In light of Missouri's status under *Tisius* as a non-"acquittal first" jurisdiction—and as this Court held on Cusumano's direct appeal, *Cusumano*, 399 S.W.3d at 915—we cannot say here that he was found "not guilty," or implicitly acquitted, on Counts I and III of the charged greater, class A felonies of "aggravated" forcible rape and forcible sodomy when he was convicted on those counts of lesser included offenses. And as to the second premise, here Cusumano's jeopardy as to Count II did not end with the jury reaching a verdict on a lesser charge; on Count II no lesser included offense instruction was given, and the jury was unable to reach a verdict after more than six hours of deliberation.

Because neither of the premises on which *Green* and *Price* were based applies here, Cusumano has failed to prove that appellate counsel rendered ineffective assistance by failing to cite either of those decisions in his defense. Point IV is denied.

## Conclusion

For the reasons stated above, we affirm the judgment of the motion court.

_____
James M. Dowd, Judge

Robert M. Clayton III, P.J., and
Lawrence E. Mooney, J., concur.